IN THE MATTER OF JOSEPH P. DI SABATO, JUDGE OF THE MUNICIPAL COURT OF THE BOROUGH OF EAST NEWARK, COUNTY OF HUDSON.

Argued March 7, 1978—Decided April 27, 1978.

*Mr. Paul G. Levy,* Assistant Attorney General, argued the cause for designated counsel (*Mr. John J. Degnan,* Attorney General of New Jersey, designated counsel).

Respondent argued *pro se.*

PER CURIAM. This matter involves proceedings for removal of a municipal judge by the Supreme Court under *N. J. S. A.* 2A:1B–1 *et seq.* and *R.* 2:14–1.

A Superior Court Judge apprised the Advisory Committee on Judicial Conduct that respondent, a Municipal Court Judge of East Newark, Hudson County, had appeared as an attorney on behalf of a litigant in a municipal court proceeding in another county and had filed a Notice of Appeal from the determination of the municipal court.

The Committee, pursuant to *R.* 2:15–1 *et seq.*, after a preliminary review, held a hearing at which the respondent appeared, represented himself in the matter, and testified on his own behalf. After a consideration of the evidence, the Committee recommended the institution of formal proceedings to the end that respondent be reprimanded, and suspended from judicial office for a period of six months.

Upon receipt of the Committee's Presentment and Recommendation, this Court caused a complaint to be filed and issued an order to show cause why respondent should not be removed from office and requiring the filing of an answer within 30 days. *R.* 2:14–2. The order to show cause designated the Attorney General or his representative to prosecute the matter, *N. J. S. A.* 2A:1B–4, before a three judge panel appointed by this Court.

A hearing was held before the panel on November 22, 1977. At the conclusion of the hearing, the panel made the following findings of fact, essentially all of which are undisputed.

On May 8, 1976 defendant Dennis M. Di Sabato (hereinafter defendant), son of respondent, was issued a summons for speeding in the Borough of Madison, Morris County, New Jersey. On June 17, 1976 defendant appeared on his own behalf in Madison Borough Municipal Court and entered a plea of guilty to the summons. The municipal judge imposed a fine of $31, court costs of $15 and revoked defendant's license for a period of 30 days.

Subsequently, as a result of a telephone call by respondent to the Madison Borough Municipal Court explaining that defendant had not realized that he might lose his license by pleading guilty, the case was reopened. On August 26, 1976 a not guilty plea was entered and the matter was tried with respondent appearing as attorney for his son.

Respondent has been a member of the Bar of this State since 1949. On May 15, 1973 he was appointed a Judge of the Municipal Court of East Newark, Hudson County, New Jersey, an office he has held continuously since that date. At no time, however, did respondent advise the Madison municipal court judge that he too was a municipal court judge, nor was the Madison municipal court judge aware at the time of respondent's status as a municipal court judge.

Respondent participated fully in the proceedings before the Madison Borough Municipal Court, including cross-examination of the State's witness, and legal argument before the court. At the conclusion of the trial, a verdict of guilty was found by the municipal court and the original sentence was reimposed. Thereafter, the respondent filed an appeal along with the requisite Certification of Timely Filing and Service of Notice of Appeal to the Morris County Court.

While the appeal was pending, the Madison municipal judge happened to see respondent at a conference of State municipal judges and, for the first time, realized that he was a municipal judge. The Madison municipal judge immediately advised his Assignment Judge that respondent had appeared in his court representing the defendant in a quasi-criminal proceeding and had filed an appeal from the decision which was currently pending in the Morris County Court.

On October 19, 1976, the Assignment Judge of Morris County wrote to respondent apprising him of the fact that *R*. 1:15-1(c) prohibited him from appearing in any criminal or quasi-criminal matter and advised respondent to direct his client to obtain other representation. Respondent thereafter obtained other representation for defendant.

*Rule* 1:15–1(c) provides as follows:

(c) Judges of Municipal Courts. An attorney who is a judge or acting judge of a municipal court shall not practice in any criminal, quasi-criminal or penal matter, whether judicial or administrative in nature, except to perform the official duties of a municipal attorney of another municipality. Nor shall he act as attorney for the municipality or any of the municipalities wherein he is serving or as attorney for any agency or officer thereof; nor practice before the governing body or any agency or officer thereof; nor be associated in the practice of law, either as partner, employer, employee or office associate, with an attorney who is a member of such governing body.

Respondent does not deny that he appeared in municipal court on behalf of his son. He now recognizes that it was improper for him to do so. However, in mitigation of his conduct, he contends that he was motivated to appear not as an attorney, but as a father concerned for the welfare of his son. To underscore this fact, respondent emphasizes that he did not receive a fee for his services, that he did not attempt to use the power and prestige of his judicial office to influence the outcome of the proceedings and that, while serving as a municipal judge, he has never appeared in any other criminal or quasi-criminal proceeding.

It is clear that by appearing in municipal court in this matter the respondent violated *R.* 1:15–1(c). Moreover, his actions violated Canon 2 of the Code of Judicial Conduct which requires judges to avoid the appearance of impropriety. While respondent's conduct cannot be condoned, we believe that, under the circumstances, his actions do not warrant removal or suspension from judicial office. Respondent did not attempt to use the power or prestige of his office to influence the outcome of the proceedings. Although it in no way excuses his improper conduct, we are also mindful of respondent's evident concern for his son and his previously unblemished record. Under the circumstances censure is appropriate discipline.

Respondent is hereby censured.

50

*For censure*—Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge CONFORD.—6.

*Opposed*—None.